IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DELORES OVARD<br><br>        Plaintiff,<br><br>v.<br><br>SUMMIT COUNTY<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-00592-RJS-DBP<br><br>District Judge Robert Shelby<br><br>Magistrate Judge Dustin B. Pead |

**I. INTRODUCTION**

This matter was referred to this Court under 28 U.S.C. § 636(b)(1)(A). Before the Court is Plaintiff's (Delores Ovard's) motion to compel discovery. For the reasons discussed below, the Court GRANTS in part and DENIES in part Plaintiff's motion to compel. (Docket No. 37.)

**II. BACKGROUND**

The following information comes from Ms. Ovard's complaint. (Docket No. 32.) Ms. Ovard, who is seventy-years-old, has worked at the Summit County Animal Control Department since 1993. In June 2004, she was promoted to field supervisor. From April 2006 to January 2011, Summit County allegedly tried forcing her to retire by giving a younger officer (Shellie Keetch) Ms. Ovard's work schedule and duties, while scheduling Ms. Ovard to work weekends. Moreover, Ms. Ovard's supervisor, Robert Bates, consistently rated Ms. Keetch's performance higher than Ms. Ovard's to give Ms. Keetch wage increases that Ms. Ovard was deprived of.

In January 2010, Ms. Ovard complained about the disparate treatment to the Human Resource Director. Summit County allegedly retaliated. In May 2010, the Human Resource Department instructed Ms. Ovard to perform Ms. Keetch's performance evaluation. When Ms. Ovard did so, Mr. Bates issued her a written, disciplinary warning for not following the chain of command. This drove Ms. Ovard to file an age discrimination complaint on September 7, 2010. As a result, on September 28, 2010, David Booth, the Summit County Sherriff's employee in charge of the Animal Control Department, issued Ms. Ovard a written, disciplinary warning for working overtime. Moreover, in March 2011, Mr. Bates rated Ms. Ovard's performance much lower than ever before.

**III. STANDARD OF REVIEW ON MOTIONS TO COMPEL**

On July 2, 2012, Ms. Ovard filed a motion to compel Summit County to: (1) fully respond to interrogatories; (2) fully respond to document production requests; and (3) allow Ms. Ovard to depose Robert Bates "concerning matters of discipline." (Docket No. 37.) A party may move to compel discovery where the non-moving party fails to answer interrogatories, produce documents, or submit to deposition. Fed. R. Civ. P. 37(a)(3)(B)-(C).[1]

**IV. ANALYSIS OF MOTION TO COMPEL**

Ms. Ovard's motion to compel, and Summit County's opposition thereto, involve procedural and substantive disputes. Therefore, the Court organizes its analysis accordingly.

---

[1] Pursuant to Fed. R. Civ. P. 37(a)(5), Ms. Ovard also requests reasonable expenses.

A. **Procedural Discovery Disputes**

    *i.* **Document Production Requests No. 1, No. 2, No. 5, and No. 11 From Plaintiff's First Set of Requests**

Although Fed. R. Civ. P. 26(a)(1)(A) requires a party to provide initial disclosures "without awaiting a formal discovery request," Summit County refused to provide Ms. Ovard initial document disclosures without a formal request. (Docket No. 38 at 4.) Therefore, pursuant to Fed. R. Civ. P. 34, Ms. Ovard served Summit County with document production requests No. 1, No. 2, No. 5, and No. 11 that related to both initial disclosures, as well as general discovery.[2] Summit County produced the requested documents but failed to delineate which documents were produced as initial disclosures. (Docket No. 38.) Ms. Ovard claims this failure prevents her from "identif[ying] which documents" she "may offer in support of" her "case at trial." (Docket No. 50 at 6.) Accordingly, Ms. Ovard filed this motion to compel Summit County to delineate the documents. (Docket No. 38 at 5.)

Summit County opposes Ms. Ovard's motion to compel because Fed. R. Civ. P. 34(b)(2)(E)(i) does not impose a duty to delineate documents. (Docket No. 47 at 17.) However, Ms. Ovard correctly points out that Fed. R. Civ. P. 34 does not govern initial disclosures, which are governed by Fed. R. Civ. P. 26(a). (Docket No. 50 at 6.) Therefore, the Court GRANTS Ms. Ovard's motion to compel Summit County to delineate the documents it produced in response to document request No. 1, No. 2, No. 5, and No. 11 from her first set of requests that Summit County considers initial disclosures. (Docket No. 37.)

---

[2] Document production requests No. 1, No. 2, No. 5, and No. 11 pertain to: (1) disciplinary warnings Ms. Ovard received; (2) documents provided to the Utah Antidiscrimination and Labor Division; (3) documents identified by Summit County in its initial disclosures; and (4) documents identified by Summit County in its interrogatory answers. (Docket No. 38 at 5.)

### *ii.* **Interrogatory No. 6 From Plaintiff's First Set of Interrogatories**

Pursuant to Fed. R. Civ. P. 33, Ms. Ovard served Summit County with interrogatory No. 6 from her first set of interrogatories. This interrogatory asked for employment records relating to "Adrianne Hilton." Summit County answered that it had never employed anyone by this name. Subsequently, Ms. Ovard emailed Summit County to notify it that she meant to write the name "Adrienne Steed," and to request that Summit County answer the interrogatory as if it pertained to Ms. Steed. (Docket No. 47 at 17.) When Summit County notified Ms. Ovard that she had to correct her mistake via a new interrogatory, Ms. Ovard filed the present motion to compel.

As it stands, Summit County appropriately answered Ms. Ovard's existing interrogatory about Adrienne Hilton. Pursuant to Fed. R. Civ. P. 33, Ms. Ovard should file a new interrogatory if she seeks information about Adrienne Steed. Therefore, the Court DENIES Ms. Ovard's motion to compel Summit County to re-answer interrogatory No. 6 from Plaintiff's first set of interrogatories. (Docket No. 37.)

### *iii.* **Deposition of Robert Bates**

At Robert Bates' previous deposition, Summit County instructed him to refrain from providing information about whether he disciplined other employees besides Ms. Ovard. (Docket No. 38 at 9.) Ms. Ovard's motion to compel Mr. Bates' deposition followed. (Docket No. 37.) In its opposition, Summit County disclosed the fact that Mr. Bates no longer works for Summit County, and is therefore, not in its control. (Docket No. 47 at 24.)

Because Robert Bates is no longer employed by Summit County, and therefore, presumably no longer a party to this case, the Court DENIES Ms. Ovard's motion to compel his

deposition. (Docket No. 37.) Ms. Ovard should seek his deposition via a subpoena. Fed. R. Civ. P. 45.

B. **Substantive Discovery Disputes**

The remainder of the interrogatory answers and document productions Ms. Ovard seeks via her motion to compel relate to employee records of the Summit County Animal Control Department from 2000 to the present. (Docket Nos. 37-38.)[3] These records pertain to employee names, ages, hire dates, position titles, position duties, wages, wage increases, overtime records, performance evaluations, disciplinary records, termination dates, and reasons for termination. (Docket No. 38.) Summit County objects to providing this information in full due to relevancy, the requests' overly broad and unduly burdensome nature, and privilege. (Docket No. 47.)

   i.   *Relevancy*

Parties may conduct discovery on any matter that is: (1) nonprivileged; (2) relevant to a claim/defense; and (3) admissible or reasonably calculated to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). In employment discrimination cases, the Tenth Circuit announced "[it] cannot be said . . . that the policy of this court has been to narrowly circumscribe discovery . . . ." *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 344 (10th Cir. 1975). Instead, "the discovery scope [in such cases] is extensive. . . . If the information sought promises to be particularly cogent to the case, the defendant must be required to shoulder the burden." *Rich*, 522 F.2d at 343.

---

[3] In discussing the substantive discovery disputes, the Court refers to the following items: (1) interrogatory No. 4 from Plaintiff's first set of interrogatories; (2) interrogatory No. 2 from Plaintiff's second set of interrogatories; (3) interrogatory No. 2 from Plaintiff's third set of interrogatories; (4) document production request No. 11 from Plaintiff's second set of document requests; and (5) document production request No. 23 from Plaintiff's second set of document requests.

Summit County essentially argues that Ms. Ovard's request for employment records of the Animal Control Department prior to 2006 is overbroad and irrelevant where the alleged discrimination against Ms. Ovard did not take place until 2006. (Docket No. 47 at 16.) Similarly, Summit County asserts wage records of the Animal Control Department are irrelevant where Ms. Ovard alleges only Ms. Keetch received higher wages than she did. (*Id.* at 19-20.) Likewise, Summit County claims overtime records of the Animal Control Department employees are irrelevant because "this is not a wage and hour case." (*Id.* at 21-22.)

Overall, the Court finds the aforementioned records are relevant to proving Ms. Ovard's age discrimination and retaliation claims. Employment records prior to 2006 are relevant to establish a "baseline" where Ms. Ovard alleges that Summit County began "forcing out . . . older employees" in 2004 under new management. (Docket No. 50 at 4.) The wages of "younger employees bear[ ] on" Ms. Ovard's "age discrimination claim" where she claims to be the oldest Animal Control employee. (*Id.* at 8.) Additionally, the overtime records are relevant where Ms. Ovard claims she was the only Animal Control employee "disciplined for working too much overtime" as retaliation for filing a discrimination complaint. (*Id.* at 8.)

  ii.  *Burden*

Even where matters are relevant, the court must limit discovery if the "burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case . . . the importance of the issues at stake . . . and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Summit County argues that requiring it to provide employment records for the entire Animal Control Department is overly burdensome. (Docket No. 47 at 19.) In contrast, Ms.

Ovard claims the discovery is not burdensome where, from 2000 to the present date, the Animal Control Department has never had more than five to nine employees. (Docket Nos. 38 at 7; 50 at 8.) Overall, given the small number of employment records in question, the Court finds the production of such records is not overly burdensome.

### iii.     Privilege

A party may withhold discovery by claiming the information sought is privileged. Fed. R. Civ. P. 26(b)(5). Because the discovery Ms. Ovard seeks relates to employment records, on April 3, 2012, Senior District Judge Dale A. Kimball issued a stipulated protective order and a stipulated order compelling discovery. (Docket Nos. 33-34.) These orders allowed Summit County to mark as "confidential/attorney's eyes only" any documents related to employees' health, medical conditions/disabilities, insurance, 401(k), and pension. (Docket Nos. 33-34.) Notably, these orders "satisf[ied] any requirements imposed upon [Summit County] by or related to the Utah Governmental Records Access Management Act." (Docket No. 34.)

Despite this directive, Summit County continues to object to Ms. Ovard's discovery requests by claiming that the employment records sought are privileged under the Utah Government Records Access Management Act ("GRAMA").[4]  (Docket No. 47.)  GRAMA prohibits government entities from disclosing "private, controlled, and protected records" absent certain circumstances, such as a court order. UTAH CODE ANN. § 63G-2-201(5). Summit County

---

[4] The Utah legislature enacted GRAMA to recognize "the public's right of access to information concerning the conduct of the public's business," while also recognizing "the right of privacy in relation to personal data gathered by governmental entities." UTAH CODE ANN. § 63G-2-102(1). GRAMA allows people to "inspect a public record free of charge . . . ." *Id.* § 63G-2-201(1). Records are "public unless otherwise expressly provided by statute." *Id.* § 63G-2-201(2).

asserts it will only disclose these allegedly GRAMA privileged records upon a court order. (Docket No. 47.)

Ms. Ovard moved to compel because she claims the employment records at issue are not privileged by GRAMA under UTAH CODE ANN. §§ 63G-2-302—305. (Docket No. 50 at 3.) Even assuming they were, Ms. Ovard argues GRAMA, as a state statute, does not dictate the discovery process of a federal employment discrimination action. (*Id.* at 3.) *See U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("Questions of privilege that arise in the course of the adjudication of federal rights are governed by" Fed. R. Evid. 501).

As stated above, this Court finds the discovery Ms. Ovard seeks is relevant and not overly burdensome. As to privilege, District Judge Kimball previously issued orders that protected Summit County from violating GRAMA. (Docket Nos. 33-34.) Assuming, without deciding, that the requested discovery about employment records is privileged under GRAMA, this Court ORDERS Summit County to produce the discovery subject only to the protections set forth in District Judge Kimball's prior orders. Stated differently, the Court GRANTS Ms. Ovard's motion to compel responses to: (1) interrogatory No. 4 from Plaintiff's first set of interrogatories; (2) interrogatory No. 2 from Plaintiff's second set of interrogatories; (3) interrogatory No. 2 from Plaintiff's third set of interrogatories; (4) document production request No. 11 from Plaintiff's second set of document requests; and (5) document production request No. 23 from Plaintiff's second set of document requests. (Docket No. 37.)

**V. CONCLUSION**

For the reasons discussed above, the Court GRANTS in part and DENIES in part Ms. Ovard's motion to compel. (Docket No. 37.) Therefore:

IT IS ORDERED that Plaintiff's motion to compel Defendant to delineate the documents that are initial disclosures is GRANTED. (Docket No. 37.) Defendant must delineate the initial disclosures that it produced in response to document requests No. 1, No. 2, No. 5, and No. 11 from Plaintiff's first set of requests.

IT IS FURTHER ORDERED that Plaintiff's motion to compel Defendant's answer to interrogatory No. 6 from Plaintiff's first set of interrogatories is DENIED. (Docket No. 37.)

IT IS FURTHER ORDERED that Plaintiff's motion to compel Robert Bates' deposition is DENIED. (Docket No. 37.)

IT IS FURTHER ORDERED that Plaintiff's motion to compel Defendant's answers to: (1) interrogatory No. 4 from Plaintiff's first set of interrogatories; (2) interrogatory No. 2 from Plaintiff's second set of interrogatories; and (3) Interrogatory No. 2 from Plaintiff's third set of interrogatories, is GRANTED. (Docket No. 37.)

IT IS FURTHER ORDERED that Plaintiff's motion to compel Defendant's document production in response to: (1) document production request No. 11 from Plaintiff's second set of document requests; and (2) document production request No. 23 from Plaintiff's second set of document requests, is GRANTED. (Docket No. 37.)

IT IS FURTHER ORDERED that the deadlines for complying with this order will be discussed and set at the status conference before District Judge Robert J. Shelby at the December 4, 2012 status conference.[5]

IT IS FURTHER ORDERED that Plaintiff's request for reasonable expenses, including attorney's fees, incurred in filing this motion is DENIED.

Dated this 26th day of November, 2012.

Dustin B. Pead
United States Magistrate Judge

---

[5] District Judge Kimball previously vacated all deadlines in this case in anticipation of this Court's decision on the present motion. (Docket No. 49.)