IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DELORES OVARD<br><br>       Plaintiff,<br><br>v.<br><br>SUMMIT COUNTY<br><br>       Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>Case No. 2:11-cv-00592-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This matter was referred to this Court under 28 U.S.C. § 636(b)(1)(A).  Before the Court is Defendant's motion for a protective order.  For the reasons discussed below, the Court DENIES Defendant's motion.  (Docket No. 54.)

## II. BACKGROUND

On April 3, 2012, District Judge Dale A. Kimball issued a second, amended scheduling order that set the fact discovery deadline in this case for July 3, 2012.  (Docket No. 35.)  However, on July 23, 2012, District Judge Kimball issued an order that stated "the Second Amended Scheduling Order . . . [is] hereby vacated and all deadlines established therein are extended indefinitely."  (Docket No. 49.)

### III. STANDARD OF REVIEW FOR MOTION FOR PROTECTIVE ORDER

On November 5, 2012, Defendant filed this motion for a protective order. (Docket No. 54.) The Court may, for good cause, "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the discovery sought. Fed. R. Civ. P. 26(c)(1)(A).

### III. ANALYSIS

Defendant seeks an order protecting it from responding to: (1) Plaintiff's fourth set of interrogatories; and (2) Plaintiff's fourth set of document production requests. (Docket No. 54 at 2.) Defendant claims providing the aforementioned discovery will cause annoyance, undue burden, or unnecessary expense where the fact discovery deadline was July 3, 2012, and Plaintiff untimely served the requests "after the close of fact discovery" on October 1, 2012. (Docket Nos. 54-55.) Defendant argues that Judge Kimball's decision to vacate all scheduling deadlines did not "revive previously expired dates, like the discovery cutoff deadline." (Docket No. 55 at 4.)

In her opposition, Plaintiff argues Defendant's reading of District Judge Kimball's order "goes against the plain wording of the order." (Docket No. 56 at 2.) Plaintiff claims she relied on this order when she withdrew her motion to extend the July 3, 2012 discovery cut-off. (Docket No. 56 at 2.)

The Court agrees with Plaintiff. District Judge Kimball's July 23, 2012 order clearly "vacated" the July 3, 2012 discovery deadline that was in the previous scheduling order, and

"extended indefinitely" such deadlines. (Docket No. 49.) Therefore, the Court DENIES Defendant's motion for a protective order. (Docket No. 54.)

## IV. ORDERS

IT IS HEREBY ORDERED that Defendant's motion for a protective order be DENIED. (Docket No. 54.)

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5)(B), Plaintiff's request for reasonable expenses, including attorney's fees, incurred in opposing Defendant's motion, is GRANTED.

Dated this 26th day of November, 2012.

_____

Dustin B. Pead
United States Magistrate Judge