IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DELORES OVARD<br><br>    Plaintiff,<br><br>v.<br><br>SUMMIT COUNTY<br><br>    Defendant. | AMENDED MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-00592-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

**I. INTRODUCTION**

This matter was referred to this Court under 28 U.S.C. § 636(b)(1)(A). On November 5, 2012, Defendant filed a motion for a protective order. (Docket No. 54.) On November 16, 2012, Plaintiff filed her opposition thereto. (Docket No. 56.) Before receiving Defendant's reply, on November 26, 2012, this Court denied Defendant's motion for a protective order, and granted Plaintiff expenses for opposing the motion. (Docket No. 58.)[1] On December 3, 2012, Defendant filed its reply, in which it asks the Court to strike its previous denial, and to rescind the grant of fees to Plaintiff. (Docket No. 59.)

---

[1] The Court's premature ruling, although erroneous, was intended to facilitate resolution in advance of the parties' December 4, 2012 status conference.

The Court recognizes its error in issuing a premature decision. Now having fully considered all the relevant pleadings, including Defendant's reply, the Court issues this amended decision AFFIRMING in part and VACATING in part its previous ruling. (Docket No. 58.)

## II. ANALYSIS

### A. Denial of Defendant's Protective Order

On July 23, 2012, District Judge Kimball entered a scheduling order stipulated to by the parties that vacated all deadlines, and extended them indefinitely. (Docket No. 49.) Defendant argues that it agreed to this order because it believed Plaintiff would not propound any further discovery. (Docket No. 59 at 2.) When Plaintiff did so, Defendant filed its motion for a protective order. (Docket No. 54.) Plaintiff opposed Defendant's motion. (Docket No. 56.) She claimed she agreed to the scheduling order because she believed it permitted additional discovery. (*Id.* at 2.)

Because of the parties' conflicting interpretations of the scheduling order, the Court relied on the plain language of the scheduling order, which indefinitely extended all deadlines, to deny Defendant's motion for a protective order. Having now considered Defendant's reply, the Court AFFIRMS its prior ruling as to the protective order. (Docket No. 58.)

### B. Grant of Expenses to Plaintiff

Defendant claims the Court erred in applying Fed. R. Civ. P. 26(c)(3) and 37(a)(5)(B) to award Plaintiff expenses for opposing Defendant's motion for a protective order. (Docket No. 59.) Defendant asserts Fed. R. 37(a)(5) only applies to motions to compel. (*Id.*) The Court disagrees. Fed. R. Civ. P. 26(c)(3), which is contained within the section of the Federal Rules

pertaining to protective orders, states that "Rule 37(a)(5) applies to the award of expenses." *See also Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012) (citing Fed. R. Civ. P. 26(c)(3) in a discussion about Fed. R. Civ. P. 37(a)(5)'s requirements for awarding expenses); *Herrera v. Easygates, LLC*, No. 11-CV-2258-EFM-GLR, 2012 WL 5289663, at *3 n.24 (D. Kansas Oct. 23, 2012) (granting a plaintiff's motion for a protective order, but denying Plaintiff expenses because, under Fed. R. Civ. P. 37(a)(5)(A), which was "made applicable through Fed. R. Civ. P. 26(c)(3)" expenses were not warranted).

The only exceptions to an award under Fed. R. Civ. P. 35(a)(5)(B) occur where the moving party's motion was "substantially justified" or where "other circumstances make an award of expenses unjust." Upon further consideration, the Court finds other circumstances make an award of expenses to Plaintiff unjust. Most significantly, and as reflected in Defendant's reply, it appears both parties genuinely believed the July 23, 2012 scheduling order favored their discovery position. (Docket Nos. 56, 59.) Therefore, the Court VACATES its earlier grant of reasonable expenses, including attorney's fees, to Plaintiff. (Docket No. 58.)

IT IS SO ORDERED.

Dated this 7th day of December, 2012.

Dustin B. Pead
United States Magistrate Judge